IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01819-REB-MEH

NORTHWEST PARKWAY PUBLIC HIGHWAY AUTHORITY,

    Plaintiff,

v.

BAYERISCHE HYPO-UND VEREINSBANK AG, New York Branch,

    Defendant.

## ORDER DENYING MOTION FOR LEAVE TO FILE
## AMENDED COUNTERCLAIMS AND THIRD-PARTY CLAIMS

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is Defendant/Counterclaimant HVB's Motion for Leave to File Amended Counterclaims and Third-Party Claims [filed October 15, 2009; docket #76]. The matter is referred to this Court for disposition. (Docket #77.) The motion is briefed to the extent necessitated by the Court, and oral argument would not materially assist the Court in its adjudication. For the following reasons, the Motion for Leave is **DENIED**.

**I.    Background**

Plaintiff Northwest Parkway Public Highway Authority initiated this diversity action on August 26, 2008. (Docket #1.) Plaintiff brings two claims, for breach of contract and for declaratory judgment regarding the parties' alleged obligations pursuant to the contract in dispute. The disputed contract is a "Forward Delivery Agreement" concluded between Defendant and Wells Fargo Bank West, which was designated as the trustee for monies received in connection with revenue bonds issued by Plaintiff purposed to fund the Northwest Parkway toll road. (*See id*. at 2.) In its Complaint, Plaintiff represents that because the funds held by Wells Fargo Bank West as

trustee at all times belonged to Plaintiff, Plaintiff is the real party in interest with respect to the Forward Delivery Agreement.  (*Id*. at 6, ¶ 18.)  Additionally, Plaintiff asserts that it is an assignee of Wells Fargo's rights under the Forward Delivery Agreement.  (*Id*. at 6, ¶ 21.)  The paragraph regarding the assignment actually states, "[t]o clarify the Authority's entitlement to pursue these claims, on or about August 23, 2008, Wells Fargo assigned all right, title and interest under the Reserve Account Agreement to *Hypo Bank* to allow *Hypo Bank* to pursue claims for the payment of the Termination Amount."  (*Id*. at 6, ¶ 18 (emphasis added).)  Plaintiff does not include a copy of the assignment with the Complaint, but does include the Master Trust Indenture agreement and the Forward Delivery Agreement as exhibits.  (*See* dockets ##1-4, 1-5.)

Defendant filed its Answer and Counterclaim on January 28, 2009.  (Docket #18.)  In its Answer, Defendant explicitly "denies that Wells Fargo assigned all right, title and interest under the Reserve Account Agreement to HVB."  (*Id*. at 9.)  Defendant also denies Plaintiff's assertions regarding its status as the real party in interest and as assignee of Wells Fargo "on the basis that they represent legal conclusions."  (*Id*. at 9, 10.)  In its Counterclaim, Defendant alleges that Plaintiff represents it is the "successor-in-interest to the rights and obligations of Wells Fargo" in Plaintiff's Complaint.  (*Id*. at 14, ¶ 7.)  Plaintiff, in answering Defendant's Counterclaim on March 5, 2009, explicitly admits this allegation.  (Docket #28 at 2, ¶ 7.)

In the motion presently before the Court, Defendant seeks leave to amend its Counterclaim and assert third-party claims against Wells Fargo and certain municipal entities.  (Docket #76.)  Defendant's argument boils down to two main contentions of improper assignment and improper disbursement of funds.  First, Defendant states that Plaintiff now contends it retains the rights but not the obligations of Wells Fargo under the Forward Delivery Agreement, thus making Wells Fargo the proper party in interest for Defendant's counterclaims.  (*Id*. at 8.)  In support of this assertion,

2

Defendant refers to the assignment itself, a motion proposed but never filed by Plaintiff, and an export report disclosed by Plaintiff in August 2009. (*Id*. at 6-7.) Second, Defendant believes that it must amend its counterclaim to assert breach of contract against Wells Fargo and unjust enrichment against the certain municipal entities due to the disbursement of all Indenture funds in 2007 by Wells Fargo after the termination of the Forward Delivery Agreement. (*Id*. at 8-9.)

In response, Plaintiff contends that allowing Defendant to amend its counterclaim and add new parties causes undue delay and prejudice to Plaintiff, and in any event, is futile. (*See* docket #84.) Additionally, Plaintiff believes that Defendant should first be required to prove that a termination amount is owed to Defendant before Defendant is allowed to pursue its described amended counterclaims. (*Id*. at 2.) Plaintiff states that this matter has been pending for over one year, trial is set for March 2010, and the three explanations proffered by Defendant do not provide good cause for the delay which would be inevitably caused by the addition of new parties. (*See id*. at 8-10.)

## II.    Standard of Review

Because the motion in this case would require an amendment of the Scheduling Order, the Court employs a two-step analysis. A Scheduling Order may be modified only upon a showing of "good cause" under Fed. R. Civ. P. 16(b). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.* "Nevertheless, while the pretrial order defines a lawsuit's boundaries in the trial court and on appeal, 'total inflexibility is undesirable.'" *Summers v. Missouri Pacific R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (quoting

3

*Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987) (discussing amendment of the scheduling order). Further, rigid adherence to the scheduling order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence or excusable neglect. *Id.*

If good cause is shown for amending the Scheduling Order, the movant must meet the requirements of Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its pleading only by leave of the court or by written consent of the adverse party. *Id.; Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). The Court must heed Rule 15's mandate that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2009). *See also Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a [claimant] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315. *See also Foman,* 371 U.S. at 182.

**III.   Analysis**

The Court set the original deadline for joinder of parties and amendment to pleadings at March 20, 2009. (Docket #21.) Defendant sought an extension of this deadline after it had passed, on September 21, 2009. (Docket #61 at 8.) The Court denied this request but set a briefing schedule for the motion presently before the Court. (Docket #73.) As previously stated, Defendant asserts three primary reasons in support of its contention that good cause exists to modify the scheduling

order to allow amendment: 1) the delay of Plaintiff in disclosing a copy of the purported assignment not until July 29, 2009; 2) Plaintiff's disclosure of a proposed motion for leave to amend its answer to Defendant's counterclaims on the same date, which implicates Wells Fargo as a real party in interest due to the nature of the assignment; and 3) Plaintiff's disclosure of a rebuttal expert report on August 10, 2009, which Defendant contends indicates that Plaintiff is not the real party in interest as to Defendant's counterclaims.  For the following reasons, the Court finds Defendant's arguments unpersuasive and concludes that undue delay bars granting leave to Defendants at this later stage of the litigation.

Regarding the delay in disclosure of the assignment, the Court agrees with Plaintiff, that Defendant knew of the assignment in August 2008, and thus would have also known at that time whether it had consented to such assignment as provided for by the Forward Delivery Agreement. Defendant contends that it did not know until July 29, 2009, that "the Assignment was invalid because Wells Fargo never sought or obtained written consent [from Defendant] to assign the [Forward Delivery Agreement]."  (Docket #76 at 6.)  However, Defendant at the very least should have known whether it consented or did not consent at the time it gained knowledge that the assignment was concluded, which at the latest would be the date the Complaint was filed, on August 26, 2008.  Thus, the Court declines to agree with Defendant that it gained notice of the potential impropriety of the assignment in July 2009.

Regarding Plaintiff's proposed motion, Defendant represents that the motion which would have been filed on July 29, 2009 (also outside of the deadline for amendment of pleadings), if granted, would have implicated Wells Fargo as the real party in interest for Defendant's counterclaims.  However, no such motion was filed.  Counsel for Plaintiff admits that the proposed motion "was the result of faulty reasoning by counsel" and states that Plaintiff has no intention of

filing the motion. (Docket#84 at 10.) The Court recognizes that Counsel for Plaintiff likely should not have issued the proposal, should have withdrawn the proposal much sooner, and should have engaged in open communication with Counsel for Defendant, but such grounds do not justify the overarching undue delay by Defendant in seeking the amendment it now requests. The record, as it stands, demonstrates Plaintiff's representation and admission that it is the "successor-in-interest to the rights and obligations of Wells Fargo."

As to Defendant's assertion that the proposed motion would necessarily draw Wells Fargo into the action because the Indenture funds had already been disbursed, the Court points to both parties' initial pleadings recognizing the defeasance of the bonds and termination of the Forward Delivery Agreement in November 2007. Thus, Defendant would have been on notice of such defeasance and disbursement to creditors (including the municipal entities Defendant now seeks to add as third parties) at that time.[1]

Regarding the expert report, Defendant alleges the expert opines that Plaintiff retains no obligations pursuant to the Forward Delivery Agreement, and a termination amount, if owed, cannot be paid by either Plaintiff or Wells Fargo because the monies were already distributed out of the Indenture fund. (Docket #76 at 7.) Plaintiff counters, stating Defendant misconstrues the expert report in that the report simply interprets the language of the Forward Delivery Agreement governing payment of the termination amount (if any) with only unencumbered Indenture funds. (Docket #84 at 11.) Plaintiff references Section 6.08(b) of the agreement, which states that any obligation of the trustee (Wells Fargo) to pay a termination amount "shall be satisfied solely from, and to the extent of, amounts available for such purpose in the Surplus Fund . . . and any other funds . . . available under the Indenture which are not subject to the lien of the Indenture." (Docket #84-4

---

[1] Notably, in the contested assignment, Plaintiff agreed to indemnify Wells Fargo "from any obligation to pay a Termination Amount to Hypo Bank." (Docket #84 at 10.)

at 20.) Defendant signed this agreement on June 28, 2001, operated pursuant to this agreement for approximately six years, and had fair notice that Wells Fargo defeased the bonds and dissipated the funds in 2007.  (*See* docket #18 at 13; docket #76 at 8.)  Thus, the Court declines to agree with Defendant's assertion that it had notice only as of August 2009 that the funds were disbursed by Wells Fargo.

The Court discerns no prejudice to Defendant by denying its request for leave to amend. Should the end result of this case be that the assignment was indeed improper and Wells Fargo is liable to Defendant for a termination amount, Defendant is not yet barred by the Colorado statute of limitations.  *See* Colo. Rev. Stat. § 13-80-103.5(1)(a) (West 2009) (six year statute of limitations for "[a]ll actions to recover a liquidated debt or an unliquidated, determinable amount of money due").  However, the Court perceives prejudice to Plaintiff as well as to the proposed third parties by allowing Defendant to bring in Wells Fargo and the municipal entities at this late date.  Pursuant to the record and the governing pleadings in this matter, the Court believes that Defendant actually had notice or at the very least should have discerned notice at the time of the defeasance and disbursement of funds and at the time this case was filed, referencing the purported assignment.

In sum, the Court denies Defendant's motion because the reasons for amendment offered by Defendant do not excuse the long delay in making the request.  Much of Defendant's reasoning can be traced back to the issue of the assignment, which Defendant knew about when the case was filed pursuant to the plain language of the Complaint, and the issue of disbursement of funds, which occurred in 2007 after the termination of the Forward Delivery Agreement.  The foundation for Defendant's present request existed far in advance of this stage of the litigation.  Therefore, the Court concludes that Defendant's undue delay in asserting its allegations against Wells Fargo and the municipal entities precludes a finding of good cause allowing amendment of the scheduling

order and leave to amend its counterclaims.

**IV.     Conclusion**

Accordingly, the Court **DENIES** Defendant/Counterclaimant HVB's Motion for Leave to File Amended Counterclaims and Third-Party Claims [filed October 15, 2009; docket #76].

Dated at Denver, Colorado, this 1st day of December, 2009.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge